United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,                             Case No. 19-20017

v.                                         Honorable Terrence G. Berg

Marc Horrigan,

       Defendant.
_____/

## **AMENDED PRELIMINARY ORDER OF FORFEITURE**

Based upon Defendant Mark Horrigan's conviction for violating 18 U.S.C. § 2252A(a)(2) as set forth in Count Two of the Indictment, Defendant's Rule 11 Plea Agreement, the government's First Forfeiture Bill of Particulars, the government's Unopposed Combined Application for Entry of Amended Preliminary Order of Forfeiture, and all information contained in the record, and pursuant to 18 U.S.C. § 2253 and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The following property, which was involved in or used in defendant's violation of 18 U.S.C. § 2252A(a)(2) and thus has a sufficient nexus to the offense of conviction, **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law:

        a.  Acer Aspire One laptop, model: D250-1151, SN:

LUS670B031923347401601, with power cord;

b. Six compact discs/digital video discs;

c. SanDisk Cruzer Glide, 64GB, thumbdrives, red and black in color;

d. Lexar, 2GB thumbdrive, white in color;

e. Western Digital My Passport, unknown capacity external hard drive, Model: WDBAAA3200ARD-00, S/N: WX20A89C3643, red in color, with cord;

f. Western Digital, unknown capacity external hard drive, Model: WD1600XMSB-00, red and black in color, S/N: WXCY07160615, with cord;

g. Toshiba, 500GB external hard drive, Model: E05A050CAU3XW, Black in color with design, S/N: 71KDCNJPTMC3, with cord;

h. HP laptop, Model: 15-g010dx, black in color, with power cord, S/N: CND421018T;

i. Toshiba 1.5TB external hard drive, Model: HDTB115XK3BA, black in color, with cord, S/N: 92SDP3OLTTV2; and

j. Verbatim, 8GB thumbdrive, green in color, S/N:

(collectively "Subject Property").

2. Any right, title, or interest of the defendant, and any right, title, or interest that his heirs, successors, or assigns have, or may have, in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

4. Up entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the Subject Property, other than the defendant, may file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in

accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

5. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture

shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

8. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

9. Pursuant to 21 U.S.C. § 853(n)(7), clear title and all interest in the Subject Property shall **VEST** in the United States, and the United States shall be **AUTHORIZED** to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

/s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2019